UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DEBORAH DYE and LEE BARNETT DYE, | * * * |
| Plaintiffs, | * * |
| vs. | CASE NO.: 2:22-cv-31 * * |
| UNITED STATES OF AMERICA, | * * |
| Defendant. | * * * * |

## COMPLAINT FOR DAMAGES

DEBORAH DYE and LEE BARNETT DYE, Plaintiffs in the above-styled action, bring this Complaint for Damages pursuant to the Federal Tort Claims Act, against Defendant, UNITED STATES OF AMERICA, and show the Court the following:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671 - 2680, and the provisions of 28 U.S.C. §1346(b).

2.

Pursuant to the provisions of 28 U.S.C. § 2675, on or about March 26, 2021, Plaintiffs provided written notice to the United States government of their claims for money damages.

3.

A period of more than six months has transpired since the notice was given to the United States. Defendant has not made a final disposition of the claim. Accordingly, under 28 U.S.C. §2675(a), the failure of Defendant to make a final disposition constitutes a denial of Plaintiffs' claims.

4.

On April 5, 2019, at approximately 6:30 P.M., John Edson, operated a motor vehicle owned by, and with the permission of, the United States Marshals Service, on I-95 South, in Glynn County, Georgia.

5.

At that time and place, Mr. Edson negligently operated a 2005 Ford F-150, driving carelessly, so that Defendant's motor vehicle collided with the rear of a 2007 Chevrolet Suburban, operated by Plaintiff Lee Barnett Dye.

5.

At all times material hereto Mr. Edson, was an employee of, and acting in the course and scope of his employment with, the United States Marshal's

Service (with a duty at the Federal Law Enforcement Training Center in Glynn County, Georgia), an agency or subdivision of Defendant.

6.

Plaintiffs are, and at all times material to this action were, residents of North Carolina.

7.

Venue is proper in this Court because the crash occurred in this district. 28 U.S.C. § 1402(b).

### COUNT I: NEGLIGENCE AND NEGLIGENCE PER SE

8.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

9.

Deborah Dye was a passenger in the 2007 Chevrolet Suburban at the time of the collision.

10.

Mr. Edson caused the rear-end crash by looking away from the roadway, grabbing something from inside his vehicle, being distracted and inattentive.

11.

Mr. Edson owed duties of due and reasonable care to Plaintiffs, as well

as to other motorists on the road.

12.

Mr. Edson's negligence, which constitutes the direct and proximate cause of the injury to Plaintiffs, also consisted of, but was not limited to, the following:

(a) Driving in a reckless disregard for the safety of others;

(b) Driving too fast for conditions;

(c) Failing to exercise ordinary diligence;

(d) Failure to maintain reasonable control of his vehicle;

(e) Failure to operate vehicle in a safe fashion under the circumstances then existing;

(f) Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

(g) Failure to exercise ordinary care;

(h) Failure to keep a proper lookout; and

(i) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

13.

Defendant is responsible for Mr. Edson's negligence under the doctrine of *respondeat superior* or vicarious liability.

14.

At all times material hereto, Plaintiffs conducted themselves in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused them to sustain serious bodily injury.

15.

As a direct and proximate result of Mr. Edson's negligence, DEBORAH DYE and LEE BARNETT DYE suffered and will continue to suffer the following:

- (a) past, present, and future physical and mental pain and suffering;
- (b) past, present, and future loss of enjoyment of life;
- (c) past, present, and future physical and medical expenses;
- (d) past, present, and future loss of earnings and income; and
- (e) past, present, and future loss of ability to labor and earn money, as well as other damages, including damages related to lost property from this collision.

16.

By reason of the foregoing, DEBORAH DYE and LEE BARNETT DYE are entitled to recover from Defendant compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

## COUNT II:  LOSS OF CONSORTIUM

17.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

18.

Defendant's negligence was the direct and proximate cause of injuries and damages to DEBORAH DYE.

19.

As a result of DEBORAH DYE's serious injuries, her husband, Plaintiff LEE BARNETT DYE, has suffered the loss of companionship of his wife, the loss of society, and the loss of consortium.

20.

MR. DYE is entitled to compensation for the loss of consortium he has suffered as the result of Plaintiff DEBORAH DYE's serious injuries, which were directly and proximately caused by Defendant's negligence.

WHEREFORE, DEBORAH DYE and LEE BARNETT DYE, pray and respectfully demand verdict and judgment as follows:

(a) That Summons and Process issue and that the named Defendant be served with a copy of this Complaint and that Defendant be required to appear and answer;

(b)     That Plaintiffs be awarded compensatory damages against Defendant, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c)     That Plaintiffs be awarded special damages in an amount as may be shown by the evidence and proven at trial;

(d)     That Defendant be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case; and,

(e)     That Plaintiffs be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

Respectfully submitted, this 29th day of March, 2022.

*/s/ Ryan Babcock*

_____
Ryan W. Babcock
Georgia Bar No. 030039
The Babcock Law Firm, P.C.
706 G Street, Suite 101
Brunswick, Georgia 31520
(912) 574-7575 (telephone)
(912) 662-5407 (fax)
ryan@babcocklegal.com

and

R. Wade Carpenter
N.C. Bar No. 7252452
311 S. South Street
Gastonia, NC 28053
(704) 861-8100 (telephone)
wade@carpenterlaw.biz
(*pro hac vice* pending)