IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DEBORAH DYE; and LEE BARNETT DYE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION NO.: 2:22-cv-31 |

**O R D E R**

For the reasons stated below, the Court **DENIES** Defendant's construed Motion to Strike. Doc. 29.  Additionally, I **DIRECT** the Clerk of Court to **TERMINATE** the filing at Docket Number 28, as that dispute has been resolved.

Plaintiffs bring a claim against Defendant for injuries resulting from a vehicle accident with a federal government employee.  Doc. 28 at 1.  On October 21, 2022, Plaintiffs disclosed Plaintiff Deborah Dye's treating physician, Dr. Olson, as an expert witness, along with three other treating physicians.  Doc. 29-1.  In their disclosures, Plaintiffs stated Dr. Olson would offer testimony on the cause of Plaintiffs' injuries, among other things.  Id.  When Defendant took Dr. Olson's deposition on January 30, 2023, Dr. Olson opined the accident at issue caused injuries to Deborah Dye's left foot and ankle.  Doc. 28-1 at 3.

In April 2023, Plaintiffs contacted the Court to pursue the Court's informal discovery dispute resolution process.  The Court conducted a telephonic conference with the parties on April 18, 2023.  See Docs. 26, 27.  The parties explained they disagreed about the sufficiency of Plaintiffs' disclosure of Dr. Olson's expert opinions.  Defendants' counsel informed Plaintiffs'

counsel he believed the October 21, 2022 disclosure was insufficient under the Federal Rules of Civil Procedure because Dr. Olson had not provided a written expert report under Rule 26(a)(2)(B).  Plaintiffs' counsel believed the disclosure was sufficient and no written report was required, but Plaintiffs' counsel sought the Court's guidance on the issue.

The dispute could not be resolved during the call, and the Court ordered each party to brief the issue.  Id.  Notably, after the April 18, 2023 call, Plaintiffs provided Defendant with a declaration Dr. Olson signed on May 1, 2023, explaining he formed his causation opinion during the course of treating Deborah Dye.  Doc. 28-2.

In its brief, Defendant informed the Court the initial dispute had been resolved because Dr. Olson's declaration established he formed his causation opinion during the treatment of Plaintiff Deborah Dye, and, therefore, Dr. Olson was not required to provide a written expert report.  Doc. 29.  Defendant also asked the Court to strike Dr. Olson's declaration or, alternatively, to give Defendant additional time to disclose a rebuttal expert.  Id.  Because Defendant raised a new issue and requested new relief in its brief, the Court construed Defendant's brief as a Motion to Strike and ordered Plaintiffs to file a Response.  Doc. 30.  Plaintiffs filed their Response.  Doc. 31.  Defendant's brief, construed as a Motion to Strike, is now ripe for consideration.

Defendant asks the Court to strike Dr. Olson's May 1, 2023 declaration as an untimely disclosure under Federal Rule of Civil Procedure 37(c)(1) because the deadline for Plaintiffs' expert disclosures passed on October 21, 2022.  Doc. 29 at 3–4.  Defendant argues allowing Plaintiffs to rely on Dr. Olson's May 1, 2023 declaration would prejudice Defendant because the declaration contains a new opinion (i.e., Dr. Olson formed his causation opinion in the course of treatment), Defendant has not had the opportunity to conduct discovery about the new opinion or

rebut the declaration, and because Defendant's expert witness disclosure deadline has passed.[1] Id. If the Court does not strike the declaration, Defendant asks, in the alternative, for 60 additional days to disclose a rebuttal expert. Id. at 4.

Plaintiffs oppose Defendant's Motion to Strike and Defendant's alterative request for more time to disclose a rebuttal expert. Doc. 31. Plaintiffs argue the circumstances under which Dr. Olson formed his causation opinion are not a "new opinion," so Defendant's requests are not justified. Id. at 3. Plaintiffs maintain they properly and timely disclosed Dr. Olson's opinion and Defendant has failed to show good cause to amend the Scheduling Order. Id.

Under Federal Rule of Civil Procedure 37(c)(1), when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a) sets forth the disclosure requirements for witnesses and expert witnesses. A witness "retained or specially employed to provide expert testimony in the case" must be disclosed along with a written report. Fed. R. Civ. P. 26(a)(2)(B). However, in the case of other experts not retained or specially employed, only "a summary of the facts and opinions to which the witness is expected to testify" need be disclosed, not a written report. Fed. R. Civ P. 26(a)(2)(C). Rule 26(e) requires supplemental disclosure if a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other parties . . . ." Fed. R. Civ. P. 26(e)(1)(A). Such supplements apply to additions or changes to the

---

[1] Defendant states, "[T]he deadline for Defendants' expert disclosures passed on January 31, 2023." Doc. 29 at 4. However, January 31, 2023, was the deadline for depositions of expert witnesses, not a deadline for expert disclosures. Doc. 20. The deadline for service of Defendant's expert witness reports was January 4, 2023. Id. The distinction is material, because this case was stayed for mediation for 70 days between January 17, 2023 and March 28, 2023. Docs. 23, 25. The stay occurred after Defendant's expert witness report deadline, so this deadline remains January 4, 2023.

3

testimony of an expert who must provide a written report under Rule 26(a)(2)(B). Fed. R. Civ. P. 26(e)(2).

Defendant is not entitled to relief under Federal Rule of Civil Procedure 37(c)(1). Defendant has not shown Plaintiffs failed to provide any information or identify any witness, as Rule 26(a) or (e) require. Defendant concedes Dr. Olson was not required to provide a written report under Rule 26(a)(2)(B). Doc. 29 at 3. And Defendant does not contend Plaintiffs' October 21, 2022 disclosure of Dr. Olson's opinion is deficient.

Instead, Defendant characterizes Dr. Olson's May 1, 2023 declaration as containing "new opinion testimony" and argues this new opinion testimony requires striking the declaration or giving Defendant more time to explore the issue in discovery. The only challenged aspect of Dr. Olson's May 1, 2023 declaration is the statement that he formed his causation opinion during his course of treatment of Ms. Dye. Doc. 28-2 at 2. This statement does not constitute an "opinion." Dr. Olson is making a factual assertion about when he formed his opinion. There are no new opinions in the May 1, 2023 declaration. Defendant had the opportunity to explore factual issues at the January 30, 2023 deposition and could have inquired about when Dr. Olson formed his causation opinion, but, apparently, did not do so. Therefore, Defendant has not established any basis for striking Dr. Olson's May 1, 2023 declaration. I **DENY** this portion of Defendant's construed Motion to Strike.

Similarly, Defendant does not show good cause to extend the deadline for disclosing a rebuttal witness. Under Federal Rule of Civil Procedure 16(b)(4), the Court's schedule and deadlines may be modified only for good cause and with the judge's consent. As above, Defendant's request for more time for a rebuttal witness is based solely on the notion Dr. Olson's declaration contains "new opinion testimony." Doc. 29 at 3–4. The declaration does not contain

"new opinion testimony." Furthermore, Plaintiffs disclosed Dr. Olson's opinion testimony on October 21, 2022, within the appropriate deadline. Defendant describes the disclosure as "boilerplate," but Defendant does not show, or even argue, the disclosure was deficient. Defendant had ample time after that disclosure to conduct discovery and provide a rebuttal expert between the disclosure of Dr. Olson's causation opinion and the January 4, 2023 deadline for the service of Defendant's expert witness reports. Defendant's earlier view Plaintiffs' disclosure was insufficient—a view Defendant has expressly retreated from—does not provide good cause for amending the Scheduling Order at this late date. Accordingly, I **DENY** this portion of Defendant's construed Motion to Strike, by which Defendant asks the Court to amend the Scheduling Order.

In summary, the Court **DENIES** Defendant's construed Motion to Strike. Doc. 29. I **DIRECT** the Clerk of Court to **TERMINATE** the filing at Docket Number 28, as that dispute has been resolved.

**SO ORDERED**, this 13th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA